UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-1538 JGB** | Date | September 28, 2018 |
| Title | *In re Landmark Fence Co., Inc.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:**     Order AFFIRMING an Order and Judgment by the United States Bankruptcy Court for the Central District of California (IN CHAMBERS)

    Before the Court is Appellant-Debtor Landmark Fence Co., Inc.'s ("Landmark") appeal from certain orders of the United States Bankruptcy Court (the "Bankruptcy Court"). First, Landmark appeals the Bankruptcy Court's December 9, 2015 Amended Order Denying Motion to Vacate. Landmark contends the Bankruptcy Court erred in denying the motion because the dismissal of the Chapter 11 case rendered moot Landmark's Claim Objection to Claim 8 by James Sahagun and Gerardo Garcia, on behalf of themselves and all class members (the "Class"). Landmark further contends the Bankruptcy Court erred in retaining jurisdiction of Landmark's Claim Objection and in retroactively creating an adversary proceeding in order to enter final judgment. Second, Landmark appeals the Bankruptcy Court's entry of Judgment After Remand. Landmark argues entry of a money judgment, rather than an allowance of a claim, was an error.

    After consideration of all papers filed in support of and in opposition to the appeal, the Court finds this matter appropriate for resolution without a hearing, see Fed. R. Bankr. P. 8019(b); L.R. 7-15, and AFFIRMS the holding of the Bankruptcy Court.

# I. BACKGROUND

## A. The Record on Appeal

As an initial matter, the Court must address the scope of the record on appeal. On October 26, 2016, the Class filed a Motion for Extension of Time to File Appellees' Answering Brief. (Dkt. No 10.) The Class argued an extension of time was necessary in order for the Class to seek permission to correct/augment the record and prepare their brief. (Dkt. No. 10 at 2, 3-4, 6-8.) Landmark opposed the motion on October 27, 2016, and argued that the Class sought to include matters outside the scope of the pleadings in connection with the Motion to Vacate. (Dkt. No. 11 at 1-3.) Due to an oversight this Court did not rule on the Class's motion. The Class then filed its Answering Brief relying on its Supplemental Excerpts of the Record ("SER"). (See generally Answering Brief.)

In Landmark's Reply Brief, Landmark argues that the Class's SER must be stricken pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(2) because the Class had 14 days to file and serve a designation of additional items to include in the record, but did not designate any items. (Reply at 7.) Landmark argues that Rule 8009[1] does not permit the Class's untimely attempt to expand or clarify the record. (Id.)

However, Rule 8009(e)(2) provides for corrections or modifications to the record. Fed. R. Bankr. P. 8009(e)(2) provides, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted . . . by the court where the appeal is pending." Fed. R. Bankr. P. 8009(e)(2)(C). Moreover, "[a]ll remaining questions as to the form and content of the record must be presented to the court where the appeal is pending." Fed. R. Bankr. P. 8009(e)(3). While it is the Class's burden, as appellees, to ensure that the record is sufficient to defend the Bankruptcy Court's ruling and the Class failed to timely designate additional excerpts for the record, the Class sought to correct its error by petitioning this Court pursuant to the tools provided for in the Federal Rules of Bankruptcy Procedure. Because of inaction by this Court, the Class lost its opportunity to do so. Accordingly, pursuant to Rule 8009(e)(3), the Court now considers whether to accept the SER.

Upon review of the SER, the Court finds its inclusion in the record warranted. Contrary to Landmark's arguments in their opposition to the Class's motion, they are not outside of the scope of the record before the Bankruptcy Court, (see Dkt. No. 11 at 2-3), because the materials consist of documents filed with the Bankruptcy Court regarding this proceeding or transcripts of such proceedings; they are not materials filed before another court or in an unrelated case. The materials also provide this Court with a thorough picture of the proceedings underlying the decisions of the Bankruptcy Court, which Landmark presently appeals. Moreover, the Court notes that the SER demonstrates the record designated by Landmark is limited in a self-serving

---

[1] All uses of "Rule" refers to the Federal Rules of Bankruptcy Procedure unless otherwise stated.

manner that would otherwise limit this Court's ability to issue a fully considered decision. In light of this Court's authority to address matters regarding the record, the Court denies Landmark's request to strike the SER and all references to the SER in the Answering Brief with respect to items which were not timely designated as part of the record on appeal. Accordingly, the Court designates the SER as part of the record before this Court.

**B. Factual Background**

Landmark was a construction company specializing in the fabrication, construction, repair, demolition, and installation of chain link and wrought iron fencing and gates, as well as other fencing components. (SER 68.) It commenced operations as a fabricator and installer of residential fences and gates, but in 1998 left the residential market for commercial and public works projects. (SER 68.) James Sahagun, Manuel J. Arredondo, Gerardo Garcia, Artuo Rivas Meza, Jose De La Cruz Mendoza, Dagoberto Ramirez, Juan C. Acevedo, Javier Sahagun, and Jose Guadalupe Sigala were employed by Landmark. (SER 14-18.)

On May 6, 2003, James Sahagun and other former employees filed a putative class action against Landmark, entitled <u>James Sahagun, et al. v. Landmark Fence Co., Inc.</u>, No. RCV072083, in the Superior Court for San Bernardino County. (SER 66.) The action sought damages against Landmark and Robert Yanik for nonpayment of wages pursuant to various violations of California labor laws. (ER 2; SER 79.)

Sahagun filed a First Amended Complaint ("FAC") on July 11, 2006. (ER 2; SER 5-31; 79.) The FAC added an alter ego claim against Yanik and sought joint and personal liability for the alleged unpaid wages and penalties. (ER 3; SER 5-31; 79.) On March 15, 2007, the state court certified a class of "[a]ll current and former non-exempt employees who at any time from May 6, 1999 to the present were employed by [Landmark] to work on public works projects or private construction projects in the State of California," which was comprised of about 188 class members (the "Class"). (ER 3; SER 66-67, 79.) The state court appointed James Sahagun and Gerardo Garcia as Class Representatives and the law firm of Ginez, Steinmetz & Associates as Class Counsel. (ER 3; SER 66-67, 79-80.)

On May 14, 2009, just four days before trial, Landmark filed for Chapter 11 bankruptcy. (ER 3; SER 67, 81.) As a result, the state court stayed the action against Landmark and Yanik.[2] (ER 3; SER 67, 80.)

---

[2] The Class moved for relief from the automatic stay in order to proceed with their class action against Landmark and Yanik on September 9, 2009. (SER 81.) The Bankruptcy Court denied the motion in 2009 and eventually authorized the Official Committee of Unsecured Creditors for Landmark (the "Committee") to pursue the action in 2010. (SER 81-82.) The Class immediately appealed to the United States District Court (the "District Court"). (SER 82.)

The Class filed Proof of Claim 8-1 ("Claim 8"), on June 10, 2009. (ER 1-5; SER 67, 84.) Claim 8 totaled $13,000,000 and was based on the wage and hour claims in the state court action by the Class. (ER 1-5; SER 67, 84.) Class Counsel filed Proof of Claim 23-1 ("Claim 23") on October 5, 2009. (SER 67, 85.) Claim 23 was in the amount of $4,000,000 for costs and attorney fees relating to Claim 8. (SER 67, 85.)

On February 17, 2011, Landmark filed a Motion for Order Disallowing or Reducing Claim No. 8-1 ("Claim Objection"). (ER 6-35.) The Bankruptcy Court held a hearing on Landmark's Claim Objection on March 30, 2011, during which the Bankruptcy Court concluded that the Claim Objection raised factual issues that required resolution by trial. (SER 36.) In discussing this with the parties, the Bankruptcy Court made the following statements:

- "So, if I did convert it to an adversary it would be a separate scheduling procedure here . . . ." (SER 44.)
- "I'm going to go ahead and set a status conference on the claims objection which I will convert to an adversary." (SER 55.)
- "I'm going to set a status conference in about six weeks. I'll put it on a normal adversary calendar which is on a Thursday at 11:00 o'clock." (SER 55.)
- "[D]epending on what happens between now and then, I would expect the normal meet and confer status conference report as I would for an adversary. I will assign this an adversary number and I will give you notice of that number. Then, it will open its own adversary file. Mr. Ginez, in bankruptcy court we have main case files and then we have litigation files. That will open essentially a new file and a new docket. So the matters that are on the claims objections will then go onto that new docket." (SER 57.)

On December 15, 2011, the parties filed a Joint Pretrial Order in which they set forth admitted facts and identified those which remained to be litigated. (SER 65-77.) Beginning on April 6, 2012, the Bankruptcy Court presided over a six-day trial regarding Claim 8. (ER 50, SER 86.) The matter was submitted for decision on June 22, 2012, following post trial briefing. (ER 50.) On August 16, 2012, the Bankruptcy Court issued its Memorandum of Decision After Trial of Class Claim No. 8-1 and allowed Claim 8. (ER 50-83.) Specifically, the Bankruptcy Court held that the Class was entitled to the following: (1) $14,345,675 in damages for prevailing wages

---

The District Court initially affirmed the Bankruptcy Court's decision regarding the alter ego claim, paving the way for the Committee to seek settlement of the class claims. (SER 83.) However, on January 19, 2011, the District Court granted a motion for rehearing by the Class, reversed the Bankruptcy Court order regarding the alter ego claim, and remanded the matter to the Bankruptcy Court with instructions to enter a new decision authorizing the Class to pursue their alter ego claims against Yanik. (SER 83.)

The Class again moved for relief from the automatic stay on May 3, 2011. (SER 84.) The Bankruptcy Court again denied the motion. (SER 84.) The Class once again appealed the Bankruptcy Court's decision. (SER 84.) On December 9, 2011, the District Court affirmed the Bankruptcy Court's decision to deny the Class relief from the automatic stay. (SER 84.)

for unpaid travel and fabrication time, unpaid or underpaid overtime, and other amounts, including interest; (2) $814,380 in penalty damages pursuant to California Labor Code § 203 to be subordinated to the claims of all general unsecured creditors; and (3) statutory costs and attorneys' fees based on a later determination of Claim 23. (ER 80.) Judgment was entered in favor of the Class on Claim 8 on November 14, 2012. (ER 105-09.) The Bankruptcy Court then issued its Memorandum of Decision on Motion for Attorney's Fees, Costs and Class Representative Enhancements on March 5, 2013. (ER 110-20.) The Bankruptcy Court awarded $2,236,800 in attorneys' fees, $47,996.95 in costs, and $10,000 to each Class Representative pursuant to Claim 23. (ER 110-20.)

Landmark appealed the Bankruptcy Court's Memorandum of Decision After Trial of Class Claim No. 8-1 and Judgment on Claim No. 8-1 of Sahagun Creditors to the District Court on August 29, 2012; an amended appeal was filed on November 20, 2012. (SER 87.) On appeal, Landmark raised two objections. (ER 121.) First, Landmark argued the Bankruptcy Court "erred as a matter of law in concluding that Landmark's employees [were] entitled to compensation at prevailing wage rates for time spent fabricating components for use on public work sites and for time spent travelling between Landmark's shop and public work sites." (ER 121.) Second, Landmark argued that the Bankruptcy Court "erred in rejecting the damages estimate of Landmark's expert witness." (ER 121.) On March 6, 2013, the District Court affirmed the Bankruptcy Court's decision "that Landmark employees were entitled to compensation at prevailing wage rates for off-site fabrication work for public work projects." However, the District Court reversed the Bankruptcy Court's decision regarding compensation for time Landmark employees spent travelling between Landmark's shop and public works sites because the Bankruptcy Court applied an incorrect legal standard in reaching its conclusion and remanded the case for additional factual findings. (ER 121.) The District Court also concluded that the Bankruptcy Court made an erroneous factual finding when it rejected the estimate of Landmark's damages expert, but that Landmark did not establish that the Bankruptcy Court had committed clear error in adopting the estimate of the Class's damages expert. (ER 121.)

Thereafter, on March 12, 2013, the Bankruptcy Court issued a Notice to File Additional Briefs Regarding the Remand Issue that required supplemental briefs to be filed simultaneously no later than April 1, 2013. (SER 88.) However, the parties instead appealed the District Court's March 26, 2013 Order to the Ninth Circuit. (SER 88-89.) Thus, on April 1, 2013, the Bankruptcy Court issued an Order Re Remand Issue and Attorney's Fee Ruling. (SER 88.) The April 1, 2013 Order found that supplemental briefing regarding the remand issue was not required because the parties' appeals to the Ninth Circuit eliminated its jurisdiction on that issue. (SER 88.) The April 1, 2013 Order also ruled that the Bankruptcy Court's March 5, 2013 Order awarding attorneys' fees and costs pursuant to Claim 23 would be held in abeyance until the Ninth Circuit ruled on the parties' appeals. (SER 88.)

Landmark then filed a Motion for Order Approving the Sale of Substantially All Assets of the Estate on May 10, 2013. (ER 136-181.) The Bankruptcy Court held a hearing on Landmark's motion on May 29, 2013, during which it granted the motion and approved the sale of Landmark's assets for a purchase price of $1,500,000. (ER 183-99; SER 89.) The Bankruptcy

Court entered its order approving the sale on May 31, 2013. (ER 183-99.) The sale of Landmark's assets closed on October 18, 2013. (SER 89.)

On May 6, 2014, the Bankruptcy Court issued the following order: Order Granting in Part and Denying in Part United States Trustee's Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 1112(b), or in the Alternative, for The Entry of an Order Setting Deadlines to File a Disclosure Statement and Plan. (ER 200-01.) The Bankruptcy Court's May 6, 2014 Order addressed a motion to dismiss the bankruptcy case against Landmark by the United States Trustee (the "Trustee") filed on August 6, 2012. (ER 36-49; SER 89.) The Trustee moved to dismiss the bankruptcy case against Landmark on the grounds that (1) Landmark's "negative post-petition cash flow evidences a substantial and continuing loss to the estate and an absence of a reasonable likelihood of rehabilitation," and that (2) Landmark "has disregarded the fiduciary duties imposed on debtors-in-possession by the Bankruptcy Code and Local Bankruptcy Rules." (ER 37.) Landmark opposed the dismissal on September 12, 2012, and argued that after a staffing change, it was current on all of its monthly operating reports ("MORs") and quarterly fee payments, and that the previous MORs were prepared incorrectly and erroneously stated negative account balances. (ER 84-94.) On September 18, 2012, the Class joined the Trustee's motion when it filed their Joinder of Sahagun Creditors Reply in Support of United States Trustee's Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 1112(b), or in the Alternative, for an Order Appointing an Examiner. (ER 95-104.) The Bankruptcy Court dismissed the Chapter 11 bankruptcy case against Landmark on August 29, 2014.[3] (ER 206-08.)

On August 8, 2014, the Bankruptcy Court issued the following order: Order Granting Debtor's Motion for Order Authorizing Pro-Rata Distributions to Administrative Claims. (ER 202-05.) Through this order, the Bankruptcy Court authorized equalization payments and pro-rata payments to some of Landmark's creditors, including Yanik. (ER 203.) Then, on September 11, 2015, the Ninth Circuit issued its decision on the parties' appeal of the District Court's March 6, 2013 Order concerning the Bankruptcy Court's decision regarding Claim 8. (ER 235-36.) The Ninth Circuit dismissed the parties' appeal, finding it lacked jurisdiction because the District Court's March 6, 2013 Order was not a final order. (ER 235-36; SER 89.) In dismissing the appeal, the Ninth Circuit also denied Landmark's last minute motion for judicial notice[4] of the dismissal of the Chapter 11 case against Landmark and concluded that because it

---

[3] Class Counsel represents that the Class never received notice of the dismissal of the bankruptcy case against Landmark being dismissed. (SER 90.)

[4] In denying the motion for judicial notice, the Ninth Circuit stated:

A final wrinkle in our jurisdictional analysis bears mention. In a motion for judicial notice filed just six days before oral argument, counsel for Landmark indicated that the underlying bankruptcy petition had been dismissed over seven months prior, in August 2014, Landmark thus urges us to dismiss the appeal as moot and vacate the orders of the district court and the bankruptcy court. We deny the motion for judicial notice and Landmark's other entreaties to terminate this litigation.

lacked appellate jurisdiction, it also lacked authority to address Landmark's request to dismiss the District Court and Bankruptcy Court's orders as moot. (ER 216-18.)

In response to the Ninth Circuit's decision, Landmark filed its Motion for Order Vacating Claim Orders on September 29, 2015 ("Motion to Vacate"). (ER 219-34.) Through its motion, Landmark sought to vacate all orders concerning Claim 8 pursuant to <u>United States v. Munsingwear, Inc.</u>, 340 U.S. 36 (1950), "because Landmark has been denied its right of appellate review due to the dismissal of the bankruptcy case and the mootness of the claim proceedings and appeals." (ER 222.) Landmark argued that because the Chapter 11 bankruptcy case was dismissed and the bankruptcy estate eliminated, the Class's claims were rendered moot, without preclusive effect. (ER 222-23; 226-30.) Pursuant to a stipulation Landmark supplemented its Motion to Vacate to request that the Bankruptcy Court also vacate its March 5, 2013 Memorandum of Decisions on Motion for Attorney's Fees, Costs and Class Representative Enhancements concerning Claim 23. (ER 237-41; 242-47.) The Class opposed Landmark's motion on November 5, 2015, (ER 248-70), and argued that because the Bankruptcy Court converted the Claim Objection to an adversary proceeding the dismissal of the case against Landmark did not automatically divest the Bankruptcy Court of its jurisdiction over the claims or to render a final judgment. (ER 258-60.) Further, based on consideration of the factors of judicial economy, convenience, fairness, and comity, the Class argued that the Bankruptcy Court should exercise its discretion to retain jurisdiction and render a final judgment. (ER 260-64.) Landmark filed a reply memorandum in support of its motion on November 13, 2015. (ER 271-90.)

The Bankruptcy Court heard arguments regarding Landmark's motion on November 20, 2015. (ER 310.) During the hearing, the Bankruptcy Court stated it was tentatively inclined to grant Landmark's motion "not because I don't think I could keep it and properly support keeping it under judicial economy, convenience, fairness and comity and making the finding that it was truly an adversary proceeding because, practically speaking, it was," but because of concerns regarding the Bankruptcy Court's ability to provide effective relief. (ER 319-20.) After substantial discussion regarding the Bankruptcy Court's treatment of the proceeding[5], the

---

> We recognize that developments during the pendency of an appeal may render a case moot at any time. Counsel has an obligation to inform the court promptly of any such events. But wholly apart from the inexplicable and irresponsible delay in notifying us that the bankruptcy petition had been dismissed, we decline to address mootness now.

(ER 216-17.)

[5] Regarding its treatment of the action as an adversary proceeding or contested matter, the Bankruptcy Court repeatedly stated that the action was an adversary proceeding for all intents and purposes, and that it had no problem making such a finding and applying the relevant standard:

> It is a distinction without a difference, on at least the procedural point of whether this was an adversary or whether it was a claim objection . . . a contested matter. Because I

applicability of the cases argued by the parties, the appropriateness of re-designating the case as an adversary proceeding, the Class' desire to obtain a final judgment for its potential preclusive effect in the state court alter ego action against Yanik, and the practicalities of its decision, the Bankruptcy Court took the matter under submission. (ER 320-52.)

On December 8, 2015, during a telephone conference with the parties, the Bankruptcy Court denied Landmark's Motion to Vacate. (ER 368-69.) The Bankruptcy Court first noted that Landmark appeared to continue on in some form of legal existence in light of the fact that it filed the motion. (ER 369.) The Bankruptcy Court then discussed at length the authorities cited by the parties. (ER 369-77.) Because the procedural posture of the action was that of an adversary proceeding, the Bankruptcy Court reasoned that the adversary proceeding standard, which requires an evaluation of judicial economy, convenience, fairness, and comity, was the correct standard to apply. (ER 375-77.) Upon application, the Bankruptcy Court determined it was appropriate to retain jurisdiction of the case. (ER 377.) The Bankruptcy Court deferred its decision regarding re-designation of the case as an adversary proceeding. (ER 382.)

The Bankruptcy Court issued its Amended Order Denying Motion to Vacate Order on December 10, 2015. (ER 385-89.) The order stated: "The Court will retain jurisdiction of this claim objection procedure to complete the issues on remand as mandated by the District Court in its Mandate of March 7, 2013, dkt entry #453 and to enter a Judgment After Remand of this Court." (ER 386.) Further, to correct its clerical error, the Bankruptcy Court ordered "all matters pertaining to this claim objection procedure be redesignated as an adversary proceeding which shall bear the Adv. Case No. 11-02072 MJ and all further filings in this case shall bear that adversary number." (ER 386.) Finally, to avoid premature appeal by the parties, the Bankruptcy Court specified that its order was interlocutory. (ER 386.)

On June 28, 2016, the Bankruptcy Court issued its Judgment After Remand on Issues Raised in District Court Decision and Award of Attorney's Fees. (ER 390-402.) The Bankruptcy Court concluded that travel time was compensable at regular wage rates, entered an order regarding attorney's fees, and revisited its prior award of prevailing wages for fabrication and reduced that portion of the prior judgment to regular wage rates. (ER 391.) Ultimately, the

---

scheduled it. I set it for a status conference. I had a discovery cutoff date. I had a pretrial order. And I set it for trial in the same way exactly, following all of our local rules about pre-tr[ial] and trying a case under Rule 7000. So although I didn't ever assign an adversary number to it, certainly there was no bad faith on the part of the class by arguing the adversary cases, because it really was handled that way.

(ER 316-17, 337, 340-41, 343-44, 348-49.) Additionally, the Bankruptcy Court stated that its failure to officially convert the proceedings on the docket was an error: "I thought about that . . . because I did err in not assigning it an adversary number before. Mostly, I decided it was a distinction without a difference when I looked at the case law, but if it made it cleaner for the parties I could certainly do that . . . ." (ER 382.)

Court entered judgment for Plaintiffs and against Landmark for $10,116,533[6] for unpaid wages, interest, waiting time penalties, attorneys' fees, costs, and class representative enhancements. (ER 399.)

Landmark appealed the Bankruptcy Court's Amended Order Denying Motion to Vacate Order and the Judgment After Remand on July 12, 2016. (ER 408-22.) Landmark filed its Opening Brief on October 12, 2016. ("Opening Brief," Dkt. No. 9.) The Class filed its Answering Brief, as well as Supplemental Excerpts of the Record on November 11, 2016. ("Answering Brief," Dkt. No. 12.) Landmark filed its Reply Brief on November 22, 2016. ("Reply Brief," Dkt. No. 13.)

## II. STANDARD OF REVIEW

A district court has jurisdiction to review final judgments, orders, or decrees of the bankruptcy court. 28 U.S.C. § 158(a). "When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." In re Ortiz, 400 B.R. 755, 760 (C.D. Cal. 2009) (citing In re Webb, 954 F.2d 1102, 1103-04 (5th Cir. 1992)).

In reviewing a decision by the bankruptcy court, conclusions of law are reviewed de novo, while findings of fact are reviewed under the clearly erroneous standard. In re Lazar, 83 F.3d 306, 308 (citing In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990)). "De novo review is independent, with no deference given to the trial court's conclusion." Allen v. U.S. Bank, N.A., (In re Allen), 472 B.R. 559, 564 (9th Cir. BAP 2012). In contrast, the clearly erroneous standard is "significantly deferential" and requires "a definite and firm conviction that a mistake has been committed." Id. "Put another way, a court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record." In re Rader, 488 B.R. 406, 410 (9th Cir. BAP 2013) (internal citation and quotation marks omitted). Additionally, a district court may review a bankruptcy court's actions for abuse of discretion. See Allen v. Shalala, 48 F.3d 456, 457 (9th Cir. 1995) abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002). "An abuse of discretion occurs if the [bankruptcy] court does not apply the correct law or rests its decision on a clearly erroneous finding of fact." Id.

## III. DISCUSSION

Landmark appeals the Bankruptcy Court's Amended Order Denying Motion to Vacate Order issued on December 9, 2015, (ER 385-89), and the Judgment After Remand entered on June 28, 2016. (ER 403-07.) In appealing these orders, Landmark presents the following six issues for determination:

---

[6] The Memorandum of Decision After Remand on Issues Raised in District Court Decision and Award of Attorneys' Fees awarded $10,116,536, while the Judgment After Remand awards $10,116,533. (ER 399, 404.) The Class's Answering Brief states the total judgment entered is $10,116,532. ("Answering Brief," Dkt. No. 12 at 10.)

(1) Whether the pending claim objection proceedings before the Bankruptcy Court were rendered moot when the Landmark's bankruptcy proceeding was dismissed.
(2) Whether the Bankruptcy Court erred as a matter of law in failing to vacate its prior orders relating to Appellees' proofs of claim after Landmark's bankruptcy proceeding was dismissed.
(3) Whether the Bankruptcy Court erred as a matter of law in treating the claim objection proceeding, as an adversary proceeding.
(4) Whether the Bankruptcy Court erroneously applied a test for retention of post dismissal jurisdiction over an adversary proceeding, and failing to apply the test applicable to post-dismissal jurisdiction over claim objection proceedings.
(5) Whether the Bankruptcy Court[] erred in entering the Judgment After Remand[] because the claim proceeding was moot after the dismissal of the bankruptcy proceeding.
(6) Whether the Bankruptcy Court erred in purporting to enter a civil judgment against Landmark, rather than merely the allowance of a claim against the bankruptcy estate.

(Opening Br. at 3-4.) The Class makes its own Statement of Issues on Appeal, which identifies three issues for determination by this Court. (See Answering Br. at 1.) However, an appellee presents a statement of issues for determination only when it files a cross-appeal. Fed. R. Bankr. P. 8009. Thus, the Court addresses only the issues identified by Landmark—the first, second, third, and fourth issues, which concern the Amended Order Denying Motion to Vacate, are discussed in in Part III.A while the fifth and sixth issues, which concern the Judgment After Remand are discussed in Part III.B.

**A.  Amended Order Denying Motion to Vacate**

In the December 9, 2015 Amended Order Denying Motion to Vacate (the "December 9, 2015 Order"), the Bankruptcy Court (1) denied Landmark's Motion to Vacate, (2) retained jurisdiction of the Claim Objection to determine the issues remanded by the District Court's decision on the parties' appeal of the Bankruptcy Court's trial findings regarding Claim 8, and (3) redesignated the Claim Objection as an adversary proceeding in order to correct a clerical error by the Court. ("December 9, 2015 Order," ER 385-89.)

On appeal, Landmark contends the December 9, 2015 Order must be reversed for the following reasons. First, Landmark argues that the dismissal of the Chapter 11 case against it rendered the Claim Objection moot. (Opening Br. at 15.) Specifically, Landmark states that once the bankruptcy case was dismissed, there was no longer a bankruptcy estate against which the Bankruptcy Court could allow or disallow claims. (Id.) Second, Landmark contends the Bankruptcy Court improperly treated the Claim Objection as an adversary proceeding. (Id.) Third, the Bankruptcy Court subsequently applied an incorrect legal standard to the question of mootness—the mootness standard relating to adversary proceedings, rather than claim objections. (Id.) Fourth, the Bankruptcy Court erroneously concluded the Claim Objection was not moot, failed to vacate the related orders, and retained jurisdiction of the proceedings to enter final judgment. The Court reviews Landmark's contentions below.

1. **The Bankruptcy Court's Treatment of the Claim Objection**

   Landmark's appeal of the Bankruptcy Court's December 9, 2015 Order turns on whether the Claim Objection constituted a contested matter in which the rules of adversary proceedings were merely applied, or whether the Clam Objection was properly converted, albeit belatedly, to an adversary proceeding. As a result, the Court begins its analysis with the Bankruptcy Court's treatment of the Claim Objection as an adversary proceeding.

   To begin, the Court reviews the differences between a contested matter and an adversary proceeding. "'Contested matter' in the bankruptcy context is a term of art," that is best defined by what it is not. Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1189 (9th Cir. 2011). Generally, there are three categories of bankruptcy proceedings: administrative matters, adversary proceedings, and contested matters. Id. "Administrative matters are those issues that are not contested, such as unopposed motions." Id. (citing Alan N. Resnick & Henry J. Somme reds., 15th ed. rev. 2007). "Adversary proceedings are a species of contested matters governed by Part VII of the Bankruptcy Rules." Id.; see also Fed. R. Bankr. P. 7001. Rule 7001 provides that the following are adversary proceedings:

   (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;
   (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);
   (3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;
   (4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§ 727(a)(8), (a)(9), or 1328(f);
   (5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;
   (6) a proceeding to determine the dischargeability of a debt;
   (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;
   (8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;
   (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or
   (10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

Fed. R. Bankr. P. 7001. Thus, "[a] matter qualifies as an 'adversary proceeding,' as opposed to a 'contested matter,' if it is included in the list given in Bankruptcy Rule 7001. Otherwise, it is a 'contested matter.'" Barrientos, 633 F.3d at 1189 (citations omitted).

Contested matters are governed by Rule 9014, which provides, "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice

and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise." Fed. R. Bankr. P. 9014(a). Additionally, Rule 9014 adopts many, but not all, of the procedures from Part VII of the Bankruptcy Rules. Fed. R. Bankr. P. 9014(c).

As previously stated, Landmark contends the Bankruptcy Court erred as a matter of law in treating the Claim Objection as an adversary proceeding. Landmark maintains it is well established that a claim objection is a contested matter and not an adversary proceeding. "What matters about the procedural status of an objection to claim as a 'contested matter' is that Rule 9014 classifies the objection as a 'motion' . . ." which "must be filed in a main bankruptcy case," In re Garner, 246 B.R. at 623, whereas an adversary proceeding, which is initiated by a complaint outside of the main case, is "essentially [a] full civil law lawsuit[] carried out under the umbrella of the bankruptcy case." Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1694 (2015).

Pursuant to Rule 3001, "[a] proof of claim is a written statement setting forth a creditor's claim," which is generally executed by the creditor or the creditor's authorized agent. Fed. R. Bankr. P. 3001(a)-(b). "An unsecured creditor . . . must file a proof of claim or interest for the claim or interest to be allowed . . . ." Fed. R. Bankr. P. 3002(a). "Basic claim objection procedure requires that an objection to a claim be in writing and be filed." In re Garner, 246 B.R. 617, 623 (9th Cir. BAP 2000). Rule 3007, "Objections to Claims" provides, "[a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant . . . at least 30 days prior to the hearing." Fed. R. Bankr. P. 3007(a). "Once a claim objection is filed, the [Bankruptcy Court] determines the amount actually owed after notice and a hearing." In re Garner, 246 B.R. at 623 (citing 11 U.S.C. § 502(b) and Spencer v. Pugh (In re Pugh), 157 B.R. 898, 900-01 (9th Cir. BAP 1993)). "An objection to claim is a 'contested matter' governed by [Rule 9014]." Id. (relying on Advisory Committee Note to Rule 3007, which states in relevant part: "The contested matter initiated by an objection to a claim is governed by [R]ule 9014, unless a counterclaim by the trustee [or other objecting party in interest] is joined with the objection to the claim."); see also United States v. Levoy (In re Levoy), 182 B.R. 827, 834 (9th Cir. BAP 1995).

Here, Landmark's filing of the Claim Objection initiated a contested matter in the main bankruptcy case. Indeed, at the March 30, 2011 hearing on the Claim Objection, the Bankruptcy Court initially treated it as such. (SER 35.) Specifically, the Bankruptcy Court concluded that Claim 8 had prima facie status, which the Claim Objection sufficiently rebutted such that the burden of substantiating Claim 8 was shifted back to the Class. (SER 35.) However, the Bankruptcy Court thereafter concluded that a trial was necessary to resolve factual issues underlying Claim 8 and indicated its intent to convert the Claim Objection into an adversary proceeding. (SER 35, 43-45.) Specifically, the Bankruptcy Court stated:

> I have to have a trial. I can't resolve this claim . . .
>
> I would convert it to an adversary proceeding . . .

> So, if I did convert it to an adversary it would be a separate scheduling procedure here, and the opportunity for further discovery theoretically would be open.

(SER 43-45.) At the conclusion of the hearing the Bankruptcy Court scheduled a status conference and "put it on a normal adversary calendar . . . ." (SER 55.) The Bankruptcy Court also advised the parties as follows:

> I would expect the normal meet and confer status conference report as I normally would for an adversary. I will assign this an adversary number and I will give you notice of that number. Then it will open its own adversary file. Mr. Ginez, in bankruptcy court we have main case files and then we have litigation files. That will open essentially a new file and a new docket. So, the matters that are on the claims objections will then go onto that new docket.

(SER 57.) Pursuant to the proceedings of the March 30, 2011 hearing, it is apparent that the Bankruptcy Court intended to convert the Claim Objection from a contested matter to an adversary proceeding.

The record indicates that Landmark understood that the Bankruptcy Court considered the Claim Objection converted to an adversary proceeding at the March 30, 2011 hearing. At the March 30, 2011 hearing during which the Bankruptcy Court specifically stated that the Claim Objection would be converted to an adversary proceeding, Landmark never objected. Indeed, Bankruptcy Counsel inquired as to the designation of the parties for purposes of the adversary proceeding. (SER 57.) Additionally, on May 18, 2011, Landmark filed a Unilateral Status Report pursuant to Rule 7016 in which it stated:

> At the hearing on [March] 30, 2011, at 1:30 pm, pursuant to Bankruptcy Rule 9014, the Court <u>converted</u> *DEBTOR'S MOTION FOR ORDER DISALLOWING OR REDUCING CLAIM NO. 8-1* ("Claim Objection") into an adversary proceeding, designating the claimants as the "plaintiffs" for purposes of Local Rule 7016-1, <u>et seq.</u> For the purposes of this Report, the Debtor assumes that the Court deems Sahagun's Claim 8 as the "complaint," and the Claim Objection as the "answer" thereto. <u>See, e.g.</u>, <u>In re Stancil</u>, 2005 WL 3036647, at *41 (Bankr. D. Dist. Col. 2005) ("The proof of claim was the equivalent of a complaint, with the objection to claim the equivalent of an answer.")

(SER 112)(emphasis added).

Despite the evidence in the record of (1) the Bankruptcy Court's clear intent to <u>convert</u> the Claim Objection from a contested matter to an adversary proceeding at the March 30, 2011 hearing and (2) Landmark's demonstrated acceptance of the procedural maneuver, Landmark contends the Bankruptcy Court merely applied adversary rules to the Claim Objection. (Reply Br. at 5.) Landmark specifically states: "Landmark does not dispute or appeal the Bankruptcy

Court's application of adversary rules to the Claim Objection pursuant to Rule 9014(c). Rather, Landmark appeals the Bankruptcy Court's . . . treatment of the Claim Objection as an adversary proceeding for the purposes of determining mootness." (Id.) However, Landmark's current limited objection to the Bankruptcy Court's treatment of the Claim Objection as an adversary proceeding—only for purposes of determining mootness—is based on a faulty factual premise.

Although a claim objection ordinarily takes the form of a contested matter under Rule 9014, in this case the record demonstrates that the Bankruptcy Court elected to convert the Claim Objection to an adversary proceeding due to the complexity of the issues of proof for Claim 8 and to afford the parties the full procedural protections of Part VII for trial. (SER 36-41, 43-47, 55, 57-58.) Thus, from the outset, the Bankruptcy Court never intended to merely apply Part VII rules to the proceedings concerning the Claim Objection. The Bankruptcy Court did not once state it was acting pursuant to Rule 9014(c) to apply Part VII rules not already applicable in a contested matter.[7] See Fed. R. Bankr. R. 9014(c) ("Except as otherwise provided in this rule, and unless the court directs otherwise, the following [Part VII] rules shall apply . . . . The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply.") (emphasis added). In fact, the Bankruptcy Court does not appear to ever refer to 'application' of Part VII rules.[8] Rather, the Bankruptcy Court discusses 'conversion' of the proceedings related to the Claim Objection, and then specifically states that it will assign those proceedings an adversary number and open an adversary file such that the matters will be transferred to, and continue from, a new docket. (SER 57.) Moreover, the Bankruptcy Court confirms that it intended to convert the proceedings concerning the Claim Objection and thus

---

[7] In its Reply Brief, Landmark contends that "[t]he Bankruptcy Court made an oral ruling applying the adversary rules to the Claim Objection, pursuant to FRBP 9014(c)." (Reply Br. at 12.) However, the evidence that Landmark relies on is actually a question asked of the Bankruptcy Court by its Bankruptcy Counsel near the conclusion of the March 30, 2011 hearing. (See SER 57.) While the question asked is supportive of Landmark's present interpretation of the Bankruptcy Court's oral ruling, it fails to contradict the actual ruling of the Bankruptcy Court, which is quoted throughout this Court's decision.

[8] Landmark also argues "[t]he application of the adversary rules may colloquially be referred to as 'converting to an adversary' but this is a misnomer." (Reply Br. at 12.) Yet, Landmark fails to point to any case law which demonstrates such colloquialism. Thus, in light of the clear oral ruling by the Bankruptcy Court in this case, as well as other examples of bankruptcy courts "converting" a contested matter to an adversary proceeding, the Court cannot conclude as Landmark advocates. See, e.g., Costa v. Marotta, Gund, Budd & Dzera, LLC, 281 Fed. Appx. 5, 6 (1st Cir. 2008) (affirming the decisions by the bankruptcy and district courts after "the bankruptcy court sua sponte converted the contested matter into an adversary proceeding . . . ."); In re Wilborn, 401 B.R. 872, 892 (S.D. Tex. 2009) ("[T]his [Bankruptcy] Court has the power to covert a contested matter to an adversary proceeding on its own motion."); In re Stemple, 361 B.R. 778, 784 (E.D. Va. 2007) (deciding appeal from a case where the bankruptcy court sua sponte converted the contested matter into an adversary proceeding pursuant to Rule 7001).

considered it <u>converted</u> to an adversary proceeding for the duration of the litigation. (ER 316-17; 336-37; 340-41; 343-44.)

The wrinkle here however, is that the Bankruptcy Court did not issue a written order executing the conversion of the Claim Objection from a contested matter to an adversary proceeding following the March 30, 2011 hearing; rather, the Bankruptcy Court issued a written order redesignating the matter as an adversary proceeding in the December 9, 2015 Order. (<u>See</u> ER 386.) While Landmark uses this fact to bolster its argument that the Bankruptcy Court only applied Part VII rules to the Claim Objection and thus the proceedings remained procedurally, a contested matter, this Court is not convinced. That the Bankruptcy Court failed to execute its oral ruling converting the proceedings regarding Claim 8 and the Claim Objection until the December 9, 2015 Order does not negate its original decision to do so.[9] On March 30, 2011, the Bankruptcy Court sua sponte <u>converted</u> the proceedings regarding Claim 8 and the Claim Objection from a contested matter to an adversary proceeding. <u>Accord</u> <u>Costa v. Marotta, Gund, Budd & Dzera, LLC</u>, 281 Fed. Appx. 5, 6 (1st Cir. 2008) (affirming the decisions by the bankruptcy and district courts after "the bankruptcy court sua sponte converted the contested matter into an adversary proceeding . . . ."); <u>In re Wilborn</u>, 401 B.R. 872, 892 (S.D. Tex. 2009) ("[T]his [Bankruptcy] Court has the power to covert a contested matter to an adversary proceeding on its own motion."); <u>In re Stemple</u>, 361 B.R. 778, 784 (E.D. Va. 2007) (deciding appeal from a case where the bankruptcy court sua sponte converted the contested matter into an adversary proceeding pursuant to Rule 7001). Accordingly, the appropriate time for Landmark to contest the Bankruptcy Court's decision was at that hearing, in any subsequent filing or appearance before the Bankruptcy Court, or perhaps even on its appeal of the Memorandum of Decision After Trial of Class Claim 8-1 to the District Court.

As a result, the Bankruptcy Court's retroactive redesignation of the matter as an adversary proceeding and subsequent transfer of the historical proceedings to the adversary case file and docket corrects a years old ministerial error by the Bankruptcy Court. Pursuant to 11 U.S.C. § 105(a), the Bankruptcy Court was within its right to rectify its error. 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."); <u>see also</u> <u>In re Mann</u>, 197 B.R. 634, 635 (W.D. Tenn. 1996) ("A court has the inherent equitable power to correct its own mistakes. [<u>See, e.g.,</u>] <u>In re</u>

---

[9] Landmark states: "At the hearing, in an improper attempt to save the Claim Objection from mootness, the Bankruptcy Court retroactively ordered the creation of a new adversary proceeding (**more than 15 months *after* the dismissal of the bankruptcy**), and ordered the transfer of all the pleadings related to the Claim Objection into the new adversary proceeding case . . . ." (Opening Br. at 12.) However, as repeated by this Court, the record shows that the Bankruptcy Court converted the proceedings on the first day the parties appeared before the Bankruptcy Court in 2011. Landmark's attempt to say otherwise is a strategic attempt to avoid the consequences of the conversion.

Cisneros, 994 F.2d 1462 (9th Cir. 1993); 11 U.S.C. § 105(a); Fed. R. Bankr. P. 9024. Moreover, the equitable power given to the bankruptcy courts by virtue of 11 U.S.C. § 105(a) would be meaningless if the courts were unable to correct their own mistakes.") Failure to do so would have allowed Landmark to abuse the bankruptcy process—Landmark would have enjoyed the full protections resulting from the Bankruptcy Court's conversion of the proceedings while not accepting the full consequences of that decision. Thus, having sua sponte converted the litigation of the Claim Objection from a contested matter to an adversary proceeding on the record on March 30, 2011, the Bankruptcy Court did not abuse its discretion in redesignating the matter as an adversary proceeding for purposes of determining mootness in the December 9, 2015 Order. The litigation on the merits of the Claim and Claim Objection were converted to, and conducted as, an adversary proceeding with the consent and full participation of all parties. Thus, the litigation is appropriately considered and designated an adversary proceeding.

2. **Retention of Jurisdiction**

Having concluded the Bankruptcy Court did not abuse its discretion in finding the proceedings related to the Claim Objection constituted an adversary proceeding, the Court now turns to the question of whether the Bankruptcy Court appropriately retained jurisdiction of the dispute for purposes of rendering a final judgment.[10] This is an issue reviewed for abuse of discretion. In re Carraher, 971 F.2d 327, 328 (9th Cir. 1992) (finding that the bankruptcy court did not abuse its discretion in retaining jurisdiction over fraud claims related to an adversary proceeding in which the underlying bankruptcy case had been dismissed).

"The bankruptcy court may retain jurisdiction over a related proceeding subject to considerations of judicial economy, fairness, convenience and comity." Id. During the December 7, 2015 proceedings during which the Bankruptcy Court issued its oral ruling on Landmark's Motion to Vacate, the Bankruptcy Court applied each factor as follows. (See ER 375-77.) First, with respect to judicial economy, the Bankruptcy Court considered that the parties fully litigated the wage and hour claims of the Class during an eight-day trial, (ER 311), featuring a multitude of witnesses, including expert testimony. (ER 375-76.) As a result, the

---

[10] On appeal, Landmark argues the Bankruptcy Court erred as a matter of law in applying the mootness test relating to adversary proceedings. (Opening Br. at 15-25; Reply Br. at 14-22.) Landmark contends that it is well established that claim objection proceedings are rendered moot by dismissal of the underlying bankruptcy case. (Opening Br. at 16-21.) However, Landmark's argument relies on its contention that the litigation of the Claim and Claim Objection constituted claim objection proceedings. As the Court discussed at length above, this is not the case. The proceedings related to the Claim and Claim Objection were converted to an adversary proceeding in 2011 and the Bankruptcy Court did not abuse its discretion in exercising its powers of equity to rectify its failure to convert the proceeding on the docket in the December 9, 2015 Order. Thus, because the litigation constituted an adversary proceeding, the Bankruptcy Court did not err in applying the test for mootness relating to adversary proceedings for purposes of ruling on Landmark's Motion to Vacate. Accordingly, Landmark's arguments regarding mootness of the proceedings are themselves moot.

Bankruptcy Court concluded that judicial economy favored "finishing and making the final decision in this case," because "[t]o think that the time that was spent with the parties both in court, having their full opportunity to be heard, would be totally vacated and wasted, is clearly not a good use of judicial resources." (ER 376.) Second, as to convenience the Bankruptcy Court found that it would "be enormously inconvenient for the Class to try this case again on the litigation issues of liability and damages." (ER 376.) Third, the Bankruptcy Court similarly found that it would be unfair to the Class to have to retry their case in the state court forum. (ER 376.) In concluding that the fairness factor weighed in favor of the Bankruptcy Court retaining jurisdiction, the Bankruptcy Court stated:

> I cannot emphasize enough that [the Class] would have preferred that it had been tried [in state court] from the beginning. But only because Landmark insisted that [the Claim and Claim Objection] be tried in bankruptcy court was it actually tried here. So I think that because of that, it would be enormously unfair for [the Class] to have to try that case again. It truly does smack of forum shopping I must say. Landmark took its chances with me and didn't come out so well. And maybe . . . it thinks that it wants to take its chances somewhere else. That would not be fair.

(ER 376.) As to the final factor, the Bankruptcy Court determined that comity did not bear on the case because it had already tried the case and made its own rulings on the state law issues. (ER 377.) Pursuant to that analysis, the Bankruptcy Court concluded that the four factors weighed heavily in favor of refusing to vacate its order on the Claims and retaining jurisdiction to issue a final judgment. (ER 377.)

In light of the Bankruptcy Court's analysis of each the relevant factors, the Court cannot conclude that it abused its discretion in retaining jurisdiction of the proceedings. Moreover, the Court finds the Bankruptcy Court's exercise of discretion appropriate in light of Landmark's apparent manipulation of its protection in the Bankruptcy Court and blatant attempt to protect its former principal, Yanik, from an adverse ruling for purposes of the state court alter ego claim, which to date has not yet been litigated. "Discretion to retain jurisdiction is sometimes necessary to avoid abuse of the bankruptcy Court's authority to hear related claims. . . . if the court did not have such discretion, 'a litigant who didn't like the way his case was going could, even on the eve of judgment, engineer its dismissal allowing him to start over in a different court." In re Casamont Investors, 196 B.R. 517, 523 (9th Cir. BAP 1996).

## B. Judgment After Remand

On June 28, 2016, the Bankruptcy Court entered Judgment After Remand for Plaintiffs (the "Judgment") and against Landmark for $10,116,533 for unpaid wages, interest, waiting time penalties, attorneys' fees, costs, and class representative enhancements. (ER 403-07.) On appeal, Landmark contends the Bankruptcy Court improperly entered a civil judgment against Landmark because (1) the proceedings were moot upon dismissal of the bankruptcy case against it, and (2) a claim is allowed or disallowed; no judgment may be entered. (Opening Br. at 33-35.) Because the Court has already determined that the litigation was converted from a contested

matter to an adversary proceeding by the Bankruptcy Court in 2011 and the Bankruptcy Court did not abuse its discretion in retaining jurisdiction to resolve the litigation, these issues as put forth by Landmark on appeal are moot.

## IV. CONCLUSION

For the reasons set forth above, the Court AFFIRMS the decisions of the Bankruptcy Court in the Amended Order Denying Motion to Vacate Order issued on December 9, 2015, (ER 385-89), and the Judgment After Remand entered on June 28, 2016.

**IT IS SO ORDERED.**